UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JAMES KNIGHT,

 Plaintiff,

v.            CAUSE NO. 1:24-CV-47-HAB-SLC

DEBBIE MEIER, ASHLEY TINKLE,
SNOODERLY, and ETHAN BRODBECK,

 Defendants.

OPINION AND ORDER

James Knight, a prisoner without a lawyer, filed a complaint alleging he is being denied constitutionally adequate medical treatment at the Huntington County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Knight alleges he suffers from migraine headaches which cause him to have seizures several times a month. He alleges he asked Officer Ethan Brodbeck for medical assistance on January 25, 2024, because he was "drifting in and out of consciousness and having his ability to walk hindered." ECF 1 at 5. The next day, he alleges other

inmates asked Jail Commander Debbie Meier to get him medical help because "his head and face showed swelling, deep redness with protruding veins, and was flush with tears." *Id*. at 6. Later that day, he alleges he "stumbled from his cell, to the entry door of the housing unit and begged" Officer Snooderly to see a nurse. He alleges all three defendants refused him necessary medical assistance. He alleges Nurse Ashley Tinkle frequently does not answer his healthcare requests and refuses to see him.

Knight says he pleaded guilty and is serving his sentence in the Huntington County Jail. To prevail on an Eighth Amendment claim for a denial of medical treatment, he must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a

2

judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). It is not enough that a medical professional be mistaken in his or her judgment. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). To prevail, an inmate must show that the treatment decision was "blatantly inappropriate." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). Here, the complaint states a claim against Officer Ethan Brodbeck, Jail Commander Debbie Meier, Officer Snooderly, and Nurse Ashley Tinkle for monetary damages.

Knight also seeks injunctive relief to obtain medical treatment for his migraines. Jail Commander Debbie Meier, in her official capacity, has both the authority and the responsibility to ensure that Knight receives constitutionally adequate medical treatment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("[T]he warden of Menard is a proper defendant since Gonzalez seeks injunctive relief.") and *Clark v. Galipeau*, No. 22-2927, 2023 WL 4759312, at *1 (7th Cir. 2023) ("[T]he district court correctly designated Westville's warden in his official capacity as the proper defendant.). Knight will be granted leave to proceed against Jail Commander Debbie Meier, in her official capacity, for injunctive relief.

In the complaint, Knight asks for a preliminary injunction. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555

U.S. 7, 20 (2008). As to the first prong, "the applicant need not show that it definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id*. at 763 (quotation marks omitted). As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

N. D. Ind. L.R. 65-1(a) requires requests for preliminary injunctive relief to be sought by filing a separate motion. Because Knight is proceeding without counsel, the

4

court will separately docket the complaint as a preliminary injunction motion under Local Rule 1-1(b). Jail Commander Debbie Meier, in her official capacity, will be ordered to promptly respond to the motion.

For these reasons, the court:

(1) GRANTS James Knight leave to proceed against Officer Ethan Brodbeck, Jail Commander Debbie Meier, Officer Snooderly, and Nurse Ashley Tinkle in their individual capacities for compensatory and punitive damages for denying him constitutionally adequate medical treatment for his migraines in violation of the Eighth Amendment;

(2) GRANTS James Knight leave to proceed against Jail Commander Debbie Meier in her official capacity for injunctive relief to obtain constitutionally adequate medical treatment for his migraines as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to separately docket the complaint (ECF 1) as a preliminary injunction motion;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Ethan Brodbeck, Jail Commander Debbie Meier, and Officer Snooderly at the Huntington County Jail, with a copy of this order and the complaint (ECF 1);

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to

locate and serve process on) Nurse Ashley Tinkle at Quality Correctional Care, LLC, with a copy of this order and the complaint (ECF 1);

(7) ORDERS Quality Correctional Care, LLC, and the Huntington County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information;

(8) DIRECTS the clerk to fax or email a copy of the same documents to Huntington County Jail Commander Debbie Meier in her official capacity;

(9) DIRECTS the clerk to make a docket notation upon receiving confirmation of receipt of those documents by Huntington County Jail Commander Debbie Meier;

(10) ORDERS Huntington County Jail Commander Debbie Meier to file and serve a response to the preliminary injunction, as soon as possible but not later than **March 1, 2024**, (with supporting medical documentation and declarations from other staff as necessary) describing/explaining what medical care James Knight is receiving for his migraines; and

(11) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Ethan Brodbeck, Jail Commander Debbie Meier, Officer Snooderly, and Nurse Ashley Tinkle to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 12, 2024.

s/ Holly A. Brady
CHIEF JUDGE
UNITED STATES DISTRICT COURT